**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL GONZALEZ CRUZ and MARIA ANGELICA SAUCEDO MEZA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72839 <br><br> Agency Nos.  A077-057-599 <br> A095-176-713 <br><br><br> MEMORANDUM[*] |
| RAFAEL GONZALEZ CRUZ and MARIA ANGELICA SAUCEDO MEZA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70627 <br><br> Agency Nos.  A077-057-599 <br> A095-176-713 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 19, 2010[**]
San Francisco, California

Before:    O'SCANNLAIN, TALLMAN and BEA, Circuit Judges.

In these consolidated appeals, Rafael Gonzalez Cruz and Maria Angelica Saucedo Meza, husband and wife and natives and citizens of Mexico, petition pro se for review of a Board of Immigration Appeals order dismissing their appeal from an immigration judge's denial of their application for cancellation of removal, as well as the Board's denial of their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their United States citizen children. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

We likewise lack jurisdiction to review the Board's denial of petitioners' motion to reopen, which introduced further evidence of hardship to their United States citizen children. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2006) (explaining that § 1252(a)(2)(B)(i) bars jurisdiction when question presented in motion to reopen is essentially the same hardship ground originally decided).

The Board did not abuse its discretion in denying the motion to reopen to allow petitioners to seek relief under the Convention Against Torture, because petitioners failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzalez*, 501 F.3d 1128, 1130-31 (9th Cir. 2007) (reviewing for abuse of discretion). The generalized evidence attached to the motion did not establish petitioners would more likely than not be tortured if removed to Mexico. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (requiring movant to establish prima facie case for eligibility for CAT relief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

3